UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS T. REUM, SR.,

    Plaintiff,

v.

ZENON OLBERTZ,

    Defendant.

CASE NO. 3:19-cv-06177-RJB

ORDER ON MISCELLANEOUS MOTIONS AND GRANTING LEAVE TO AMEND

The District Court has referred this matter to the undersigned pursuant to General Order 02-19. Before the Court is plaintiff's application to proceed *in forma pauperis* (Dkt. 1), Proposed Complaint (Dkt. 1-1), Proposed Motion to Remove Vehicle Interlock Device and Return of Personal Property (Dkt. 1-3), and Motion to Seal "Judicial Notice" (Dkt. 2).

Because plaintiff seeks to proceed IFP, his complaint is subject to *sua sponte* dismissal if it fails to state a claim upon which relief is granted. *See* 28 U.S.C. § 1915(e)(2). However, because plaintiff is *pro se*, if the complaint is subject to dismissal, the Court will afford him the opportunity to amend his complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## DISCUSSION

Plaintiff filed his complaint on December 6, 2019 alleging multiple claims arising from an arrest. Plaintiff states that he "was unlawfully taken into custody by agents of the Gig Harbor

1 Police Department and carried away against his will, his blood unlawfully collected, his vehicle
2 unlawfully impounded, and his person unlawfully imprisoned." Dkt. 1-1, at 3. This incident led
3 to "the installation of the Smart Lock Interlock device without jurisdiction and/or justification to
4 do so[.]" Dkt. 1-1, at 3. Plaintiff's claims are discussed further in section four, *infra*.

**I.    *In Forma Pauperis* Application**

Plaintiff seeks to proceed *in forma pauperis* ("IFP"). Plaintiff's application does not state whether or not plaintiff is married, and if so, whether his spouse has income. Dkt. 1, at 1. Plaintiff states that he is unemployed and does not list his last date of employment or last monthly salary. Dkt. 1, at 1.

However, in his filing entitled "Judicial Notice" (Dkt. 3), plaintiff included a financial waiver for his municipal court filing which supplies conflicting information. *See* Dkt. 3, at 15-16. That document, executed on April 24, 2019, states that plaintiff is self-employed with a gross monthly income of $900, and a VA pension of $523. Dkt. 3, at 16. Plaintiff also states total household expenses totaling $3,440 and that he supports three minor children. Dkt. 3, at 16.

To be clear, this Court recognizes that circumstances change and is merely seeking to clarify the discrepancy. To proceed *in forma pauperis*, plaintiff should provide information to this Court regarding any spouse, spousal income, dependents, and self-employment information. Then the Court will further consider the application.

**II.    Form of Complaint**

The first page of plaintiff's complaint appears to use a form previously filed with the Superior Court of Washington for Pierce County. *See* Dkt. 1-1, at 1. On his civil cover sheet, plaintiff checked boxes under the category of "Prisoner Petitions." However, it is unclear whether or not plaintiff is incarcerated, as he seeks removal of a vehicle interlock device. To file

ORDER ON MISCELLANEOUS MOTIONS AND
GRANTING LEAVE TO AMEND - 2

a claim in federal court, plaintiff must direct his claims to the federal district court and must allege a claim that can be brought in federal court. The proper forms and information for *pro se* filers, including a *pro se* handbook, can be found on the district court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

Plaintiff also appears to allege a § 1983 civil rights claim, "which grants federal district courts original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (quoting 28 U.S.C. § 1331). The requirements for bringing a § 1983 claim are discussed below.

### III. Defendants

Plaintiff names as defendants Gig Harbor Municipal Court Judge Zenon Olbertz, Gig Harbor prosecutor Stan Glisson; The City of Gig Harbor; and Smart Start, Inc. *See* Dkt. 1-1, at 1. Thereafter, plaintiff identifies defendants as "Defendant A" through "Defendant D." *See* Dkt. 1-1, at 1. In his amended complaint, plaintiff should refer to defendants by a name which identifies and describes the defendant, rather than "Defendant A." For example, plaintiff could use "defendant Glisson" or "defendant Smart Start."

Plaintiff should consider the following information regarding immunities and liability when amending his complaint:

Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman*, 793 F.2d at 1078.

1       Prosecutors are also entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Kalina v. Fletcher*, 522 U.S. 118 (1997). If the prosecutor acts as an advocate "'in initiating a prosecution and in presenting the State's case,'" absolute immunity is warranted. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (quoting *Imbler*, 424 U.S. at 430-31).

      A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity applies only if the challenged activity is intimately associated with the judicial phase of the criminal process. *Id*. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. *Ashelman*, 793 F.2d at 1078. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. *Miller v. Barilla*, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

      In order to set forth a claim against a municipality under § 1983, a plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (quoting *Monell* at 694).

A municipality will not be liable for acts of negligence by employees or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

**IV.    Claims**

Plaintiff's complaint is eighteen pages and contains what appears to be a factual background section followed by sixteen causes of action including: retaliation, malicious prosecution, infliction of emotional distress, negligent infliction of emotional distress, racketeering, conspiracy to commit racketeering-vicarious liability: master-servant relationship, extortion, abuse of process, dereliction of duty, professional and judicial misconduct, trespass on the case, deprivation of rights under color of law, conspiracy to deprive rights, conspiracy against rights, kidnapping, and tortuous misrepresentation. *See* Dkt. 1-1, at 8-15.

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Nonetheless, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Moreover, pro se litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue Service,* 784 F.2d 1006, 1008 (9th Cir. 1986). This Court will not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

While the narrative statement plaintiff submitted may be evidence in support of plaintiff's complaint, "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). Therefore, plaintiff's amended complaint should contain simple and direct statements of his claims.

A. *§ 1983 Claim*

On his civil cover sheet, plaintiff states that his cause of action arises under "Title 42 Section 1983, Tittle 18 U.S.C. 241 & 242." *See* Dkt. 1-2. Thus, this Court construes plaintiff's complaint, at least in part, as a claim for relief pursuant to 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must

have deprived plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).

Plaintiff has named multiple defendants, including a judge and prosecutor. *See* Dkt. 1-1. It is difficult to glean from plaintiff's complaint which defendant is being sued for which claim. Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff also states a claim for vicarious liability. *See* Dkt. 1-1, at 9. A § 1983 suit cannot be based on vicarious liability—that is, holding a supervisor responsible for the actions of his or her subordinate—but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). At a minimum, a plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.).

Therefore, if plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint, and within the amended complaint he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4)

how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

## V. Motion to Remove Vehicle Interlock Device and Return of Personal Property

Plaintiff's Motion to Remove Vehicle Interlock Device and Return of Personal Property (Dkt. 1-3) is premature because plaintiff has been ordered to amend his complaint. Without a valid complaint, no judgment on the matter may be issued. Accordingly, the motion is denied.

## VI. Motion to Seal

Plaintiff moves to seal a document entitled "'Judicial Notice' in the interests of public safety." Dkt. 2; *See also* Dkt. 3. In determining whether or not to seal a document, the Court must "start with a strong presumption of public access to the court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, this presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Here, plaintiff gives no other reason than "the interests of public safety." Dkt. 2. The document contains eight pages of excerpts of various laws, codes, and constitutional amendments. *See generally,* Dkt. 3, at 1-8. Plaintiff also includes a medical bill (Dkt. 3, at 10-11) and a motion for waiver of civil fees in State court (Dkt. 3, at 12-16). It is unclear to this Court why publicly available laws, codes, and constitutional amendments must be sealed to protect the public interest. To the extent that plaintiff is concerned that his personal information is exposed in the document, plaintiff should redact any personal information and refile the document.

Accordingly, plaintiff's motion to seal (Dkt. 2) is denied and the document entitled "Judicial Notice" (Dkt. 3) is stricken.

## CONCLUSION

The Court concludes as follows:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is DENIED
- Plaintiff's complaint (Dkt. 1-1) is DISMISSED without prejudice
- Plaintiff's Motion to Remove Vehicle Interlock Device and Return of Personal Property (Dkt. 1-3) is DENIED as premature
- Plaintiff's Motion to Seal (Dkt. 2) is DENIED
- Plaintiff's filing entitled "Judicial Notice" (Dkt. 3) is STRICKEN

Plaintiff is granted leave to amend his IFP and complaint and must do so by January 31, 2020. Failure to properly amend the complaint may result in the denial of plaintiff's IFP application and dismissal of his claim.

The Clerk of the Court is directed to note January 31, 2020 as the deadline for plaintiff's second amended complaint.

Dated this 2nd day of January, 2020.

J. Richard Creatura
United States Magistrate Judge